UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BERNARD GADSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 2:19-cr-00122-JAW-2 |
| v. | ) | 2:24-cv-00443-JAW |
| | ) | 2:21-cr-00163-JAW-1 |
| | ) | 2:24-cv-00444-JAW |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

On August 7, 2026, the United States Magistrate Judge issued an extended recommended decision in response to Bernard Gadson's petition pursuant to 28 U.S.C. § 2255 and his motion to update the presentence investigation report. *Recommended Decision on 28 U.S.C. § 2255 Mot. and Mot. to Update Presentence Rep. Crim. Hist. Calc.* (ECF No. 321) (*Rec. Dec.*). In his recommended decision, the Magistrate Judge rejected all of Mr. Gadson's claims of error save one. *Id.* at 2.

The successful claim of error, according to the Magistrate Judge, involves the calculation of Mr. Gadson's criminal history category. *Id.* at 14-21. At his sentencing hearing on May 26, 2022, the District Judge found that Mr. Gadson was a Criminal History Category IV. *Tr. of Proc.*, 51:16-52:2 (ECF No. 230). This determination was consistent with the Probation Office's assessment of Mr. Gadson's criminal history. *Presentence Investigation Rep.* at 16-19 (ECF No. 204). The Probation Office

calculated Mr. Gadson's criminal history score at eight, *id.* ¶ 49, which placed Mr. Gadson in the middle of criminal history category IV. However, as the Magistrate Judge observed, the criminal history score of eight included two-points for a 2014 commonwealth of Massachusetts conviction for breaking and entering, *id.* ¶ 48, and if this conviction did not count toward his criminal history, his criminal history category would be reduced to a criminal history category III. *Rec. Dec.* at 14. With a criminal history category III, his guideline range would drop from the 124 to 149 month range that the sentencing judge applied at the sentencing hearing to a 111 to 132 month range. *Id.* In his motion, Mr. Gadson provided documentation that his 2014 breaking and entering conviction had been vacated. *See Mot. to Update Correct PSR Crim. Hist. Point Calc.*, Attach. 1, *Letter from Att'y Danya F. Fullerton to FCI Florence* (Feb. 6, 2025) (ECF No. 294).

In his recommended decision, the Magistrate Judge engaged in a thorough and persuasive analysis of whether post-conviction relief is available to someone whose sentence was based in part on a subsequently vacated conviction. *Id.* at 14-21. The Magistrate Judge recommended that Mr. Gadson be resentenced with the new guideline calculation not based on a vacated offense. *Id.* at 21. The Government did not object to the Magistrate Judge's recommendation.

Having performed a de novo review of the Magistrate Judge's Recommended Decision, the Court AFFIRMS the recommended decision on Bernard Gadson's Motion to Vacate, Set Aside, or Correct Sentence (§ 2255) (ECF No. 321), GRANTS the Motion insofar as he seeks resentencing under criminal history category III, and

ORDERS that Bernard Gadson be resentenced. The Court also AFFIRMS the Magistrate Judge's recommended decision on Bernard Gadson's Motion to Update Correct PSR Criminal History Point Calculation (ECF No. 294) and DISMISSES his motion as moot. The Court has already appointed counsel to represent Mr. Gadson for purposes of resentencing. Finally, should Mr. Gadson request a certificate of appealability, the Court DENIES such a certificate pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2255(c)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2026